UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANIEL J. KEY, : NO. 1:09-CV-139
    Plaintiff, :
    vs. : **OPINION AND ORDER**
CINCINNATI HAMILTON COUNTY :
COMMUNITY ACTION AGENCY, :
    Defendant. :

    This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 31), Plaintiff's Response and Objection (doc. 33), and Defendant's Response to Plaintiff's Objections (doc. 34). For the reasons indicated herein, the Court finds the Magistrate Judge's Report and Recommendation correct, and DISMISSES Plaintiff's federal claims WITH PREJUDICE and his state claims WITHOUT PREJUDICE.

**I. Background**

    On March 3, 2009, Plaintiff Daniel J. Key brought his Complaint against Defendant Cincinnati Hamilton County Community Action Agency (C-HCCAA) in which he alleged that (1) he was subjected to a hostile work environment and disparate treatment by Defendant because of his race, sex, and age (doc. 31); (2) he was demoted without good cause and replaced by a younger female with less or no experience in his department (Id.); (3) he was unlawfully discharged (Id.); and (4) he was discriminated against

in retaliation for his previous civil rights complaints (Id.). On December 15, 2010, Defendant filed its Motion for Summary Judgment (doc. 28), which the Magistrate Judge reviewed in her June 28, 2011 Report and Recommendation (doc. 31). On July 18, 2011, Plaintiff filed his Objection (doc. 33). On August 1, 2011, Defendant filed its Response (doc. 34). This matter is now ready for the Court's review.

In March 2006, Plaintiff applied for the position of Operations Manager in the Weatherization department of C-HCCAA (doc. 31). Prior to this position, Plaintiff worked in an intake/outreach position in another department of C-HCCAA, the Home Energy Assistance Program (HEAP)(Id.). C-HCCAA is an agency that provides various support services, including home energy efficiency services, to low-income individuals and families throughout Hamilton County, Ohio, at little or no cost to the recipients (Id.). The Weatherization department qualifies individuals for home weather-proofing and energy efficiency services (Id.). HEAP assists individuals who cannot afford to pay their energy bills by setting up income-based payment programs with their utility company (Id.).

Throughout Plaintiff's tenure as Operations Manager in Weatherization, the department failed to attain its production numbers and was not performing at an acceptable level (Id.). In August, 2007, Plaintiff was placed on a 120-day performance

probation due to failure to meet the goals of the program (Id.). At that point, the department was more than 26 units behind in meeting its production goals (Id.). In November 2007, Plaintiff's supervisor, Director of Weatherization Doug Misenheimer, requested that C-HCCAA reorganize the management team in Weatherization. On December 3, 2007, Misenheimer informed Plaintiff that his new role would be Intake/Outreach Specialist and his new hourly rate would be $15.43, a 5% pay reduction (Id.). At that point in time, Weatherization was over 50 units behind in meeting its production goals. At a December 27, 2007 meeting with Misenheimer and then Human Resources Manager Karen Dudley, Plaintiff wrote on the letter offering him the new position that he did "not accept this position which is a demotion without reason" (Id.). On January 3, 2008, Plaintiff was placed on administrative suspension until his employment status was resolved (Id.). Plaintiff received a letter from Dudley dated January 10, 2008 stating, among other things, that Plaintiff declined to apply for another position and that C-HCCAA therefore accepted his resignation effective January 10, 2008 (Id.).

**II. The Magistrate Judge's Report and Recommendation (doc. 31)**

   **A. Age, Race, and Gender Discrimination Claims**

   A Plaintiff may establish a prima facie case of discrimination by showing that: (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) he was

3

qualified for the position lost or not gained; and (4) he was replaced by an individual outside the protected class (doc. 31, citing Mitchell v. Toledo Hospital, 964 F.2d 577, 582). There are two important points regarding the fourth prong. First, a plaintiff may alternatively establish the fourth prong by showing that he was treated less favorably than a similarly-situated individual outside the protected class (Id. citing Clayton v. Meijer, Inc., 281 F.3d 605, 610 (6th Cir. 2002)). And second, the fourth prong is modified for an age discrimination claim to require replacement by a "substantially" or "significantly" younger person, which may include an individual within the protected class (Id. citing O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 312-313 (1996)).

     The Magistrate Judge found that, contrary to Defendant's assertion, Plaintiff satisfied the third prong of a prima facie case of Race, Gender, and Age Discrimination, i.e. that Plaintiff was qualified for the position in question (Id.). Specifically, the Magistrate Judge found that Defendant did not point to any objective evidence, such as lack of education or experience, to show that Plaintiff was not qualified (Id.). The Magistrate Judge found that Plaintiff also satisfied the fourth prong of a prima facie case of Gender Discrimination because he was replaced by a woman (Id.). However, the Magistrate Judge found that Plaintiff did not satisfy the fourth prong of a prima facie case of Race and

4

Age discrimination for two reasons (Id). First, both Plaintiff and his replacement are African American and are nearly the same age (Id.). And second, Plaintiff was treated the same as a similarly situated individual outside the protected classes: both Plaintiff and a substantially younger white male employee were offered new positions at a 5% pay reduction (Id.).

Plaintiff also claims that Defendant discriminated against him by denying him the opportunity to transfer to another position in HEAP instead of terminating him (Id.). In order to establish a prima facie case of discrimination based on failure to transfer, a plaintiff must show that: (1) he was a member of a protected class; (2) at the time of his termination he was qualified for other available positions with the defendant; (3) the employer did not offer such positions to him; and (4) a similarly situated employee who is not a member of the protected class was offered the opportunity to transfer to an available position, or there is other direct or circumstantial evidence supporting an inference of discrimination (Id. citing Myers v. U.S. Cellular Corp., 257 F.A'ppx 947, 953-954 (6th Cir. 2007)). The Magistrate Judge found that Plaintiff failed to satisfy the third and fourth prongs of a prima facie case of discrimination based on failure to transfer (Id.). Plaintiff has not produced evidence that a similarly situated employee outside the protected classes was given the opportunity to transfer to a managerial position in HEAP, or

5

any other available position, while Plaintiff was denied such an opportunity (Id.). Plaintiff has not produced any evidence of another available position to which he could have transferred or for which Defendant allegedly continued to seek applicants (Id.).

The Magistrate Judge also found that Plaintiff has not established pretext as is required in a discrimination case based on circumstantial, rather than direct, evidence (Id. citing McDonnell Douglas v. Green, 411 U.S. 792, 804 (6th Cir. 2009)). The Magistrate Judge stated that Defendant has articulated a legitimate nondiscriminatory reason for Plaintiff's termination (i.e. Plaintiff's poor performance), and that Plaintiff failed to produce evidence to demonstrate that the reasons articulated by Defendant for his discharge are pretextual (Id.).

Therefore, the Magistrate Judge found that Defendant should be granted summary judgment on Plaintiff's race, age, and gender discrimination claims brought under federal law.

**B. Retaliation Claim**

To establish a prima facie case of retaliation, a plaintiff must demonstrate that: (1) he engaged in protected activity; (2) the exercise of his civil rights was known by the defendant; (3) the defendant thereafter took an adverse employment action; and (4) a causal connection exists between the protected activity and the adverse employment action (doc. 31, citing Ford v. Gen. Motors Co., 305 F.3d 545, 552-53 (6th Cir. 2002). Defendant

6

disputes the existence of a causal connection between Plaintiff's EEOC filing and his demotion. The Magistrate Judge found that Plaintiff failed to satisfy both the second and fourth prongs of a prima facie case of retaliation (Id.). First, the Magistrate Judge found that Plaintiff has failed to meet his burden of producing evidence that Misenheimer knew of Plaintiff's EEOC filing prior to his demotion (Id.). Second, the Magistrate Judge found that Plaintiff failed to establish the existence of a causal connection between his EEOC filing and his demotion: Plaintiff filed his discrimination complaint with the EEOC on December 28, 2007, after he had been informed of his demotion (Id.). The Magistrate Judge therefore found that summary judgment should be granted to Defendant on Plaintiff's retaliation claim (Id.).

**C. Hostile Environment Claim**

Plaintiff alleges that Misenheimer subjected him to a hostile environment by (1) sending him condescending emails, and (2) refusing to converse with him face to face, thereby impeding employee moral, precluding Plaintiff from addressing matters properly, and affecting the efficient operation of Weatherization (doc. 31). To establish a prima facie hostile environment case, the plaintiff must establish that: (1) he is a member of a protected class; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his race, age, or gender; (4) the harassment had the effect of unreasonably interfering with his work

7

performance by creating a hostile, offensive, or intimidating work environment; and (5) there is employer liability (Id. citing Hafford v. Seidner, 183 F.3d 506, 512 (6th Cir. 1999). The Magistrate Judge found that Plaintiff failed to meet the third and fourth prongs (Id.). First, Plaintiff did not allege that Misenheimer subjected him to harassment based on his race, age, or gender. And second, Plaintiff did not describe conduct by Misenheimer which a reasonable person would find hostile or abusive (Id.). The Magistrate Judge therefore found that Defendant should be granted summary judgment on Plaintiff's hostile environment claim (Id.).

**D. State Claims**

Finally the Magistrate Judge states that pursuant to 28 U.S.C. § 1367, if all federal claims are dismissed before trial, then the state claims should be dismissed as well (Id. citing United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)). The Magistrate Judge found that Plaintiff's state claims should therefore be dismissed without prejudice (Id.).

**III. Plaintiff's Objection to the Magistrate Judge's Report (doc. 33)**

Plaintiff filed his objection to the Magistrate Judge's Report and Recommendation on July 18, 2011, requesting the Court reject the Magistrate Judge's reasoning and enter an Order in his favor (doc. 33). First, Plaintiff claims that the Magistrate Judge

8

erred in granting summary judgment because a genuine issue of material fact existed regarding whether or not Plaintiff resigned by not accepting the other job initially offered to him (Id.). Second, Plaintiff claims that because Defendant did not dispute either the first two prongs of a prima facie case of age, gender, and race discrimination, or the fact that Plaintiff suffered an adverse employment action, these claims should not have been at issue (Id.). Third, Plaintiff claims that the Magistrate Judge erred when she made a factual determination of a disputed fact, i.e. Plaintiff's qualification to perform his job (Id.). Fourth, Plaintiff claims that, contrary to the Magistrate Judge's findings, he established prima facie cases of both hostile environment and retaliation.

**IV. Defendant's Response (doc. 34)**

Defendant filed its Response arguing first that Plaintiff's first objection is contradicted by the record evidence and that whether or not Plaintiff resigned is not a material fact because it has no bearing on the ultimate determination of whether Defendant's decision to terminate Plaintiff was pretextual (doc. 34). Defendant next argues that Plaintiff's third argument is unfounded (Id.). Defendant argues that what the Magistrate Judge actually did was conclude in Plaintiff's favor that he met his burden of proving that he was qualified, and that such a determination for purposes of summary judgment was appropriate

9

(<u>Id</u>.).  Finally, Defendant argues that Plaintiff made no substantive argument that he established <u>prima facie</u> cases of hostile environment and retaliation.

**V. Analysis**

Having reviewed this matter, the Court finds no reason to reject the Magistrate Judge's well-reasoned and thorough opinion. To the extent that Plaintiff's arguments are substantive, they are clearly contradicted by the record evidence.

First, for the reasons set out above, Plaintiff failed to proffer sufficient evidence to establish the fourth prong of a <u>prima facie</u> case of race and age discrimination.  Second, Plaintiff also failed to establish both the third and fourth prongs of a <u>prima facie</u> case of discrimination based on failure to transfer. Third, concerning both the above two claims as well as the gender discrimination claim, Plaintiff simply has not produced enough evidence to allow a jury to reasonably doubt Defendant's explanation for his demotion and termination – i.e. Plaintiff's poor performance as indicated in his failure to meet production goals – and to find that the adverse actions were a pretext for unlawful discrimination.  As such, Plaintiff has failed to meet the requirements to survive a motion for summary judgment on his discrimination claims.

Plaintiff has also failed to establish the second and fourth prongs of a <u>prima facie</u> case of retaliation for the reasons

10

set out above.  Plaintiff's hostile environment claim fails as well because he failed to establish the third and forth prongs of a prima facie case.

Accordingly, the Court hereby ADOPTS the Magistrate Judge's report (doc. 31), AFFIRMS the Magistrate Judge's recommended decision (Id.), DISMISSES WITH PREJUDICE Plaintiff's federal claims, and DISMISSES WITHOUT PREJUDICE Plaintiff's state claims.

SO ORDERED.


DATED: September 28, 2011      /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge